IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,

vs.

FORT SUTTER AUTOMOTIVE, INC., et al.,

      Defendants.

                   No. CIV S-07-2639 EFB

ORDER

      This case was reassigned to the undersigned pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c). Plaintiff is proceeding *in propria persona*, and defendants are represented by Phillip Michael Cunningham. Prior to the reassignment order, the parties filed a joint status report with the district judge regarding scheduling in this action. Having reviewed that report and determined that no scheduling conference is necessary, the court makes the following findings and orders:

SERVICE OF PROCESS

      All defendants have been served and no further service is permitted except with leave of court, good cause having been shown.

////

////

1

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction is undisputed and is hereby found to be proper, as is venue.

MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by August 26, 2009.  The word "completed" in this context means that all law and motion matters must be heard by the above date.  Counsel (and/or pro se parties)[1] are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT

---

[1] Any reference to "counsel" in this order includes parties appearing *in propria persona*.

WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

The parties have requested fourteen months to conduct discovery. Accordingly, discovery is left open, save and except that it shall be so conducted as to be *completed* by June 28, 2009. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the local rules of this court and so that such motions will be heard not later than May 27, 2009.

EXPERT DISCLOSURE

The parties have requested a date for initial disclosures of experts as well as deadline for disclosure of rebuttal experts. Accordingly, all counsel are to designate in writing and file with the court, and serve upon all other parties, the names of the experts that they propose to tender at trial not later than January 28, 2009. Rebuttal experts, if any, shall be designated in the same manner by no later than February 27, 2009. An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or

observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may be percipient experts as well, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation.[2] The Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Fed. R. Civ. P. 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This information is due at the time of designation. Failure to supply the required information may result in the Rule 26 expert being stricken. All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set in Courtroom No. 25 of the undersigned, on November 25, 2009, at 10:00 a.m. Counsel are cautioned that counsel appearing for pretrial will

---

[2] The court is not interested in a designation of non-testifying Rule 26 experts.

4

in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to E.D. Cal. L.R. 16-281 and 16-282 relating to pretrial statements and conferences. A FAILURE TO COMPLY WITH E.D. CAL. L.R. 16-281 AND 16-282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding E.D. Cal. L.R. 16-281, the parties shall submit a *joint pretrial statement* not later than ten (10) court days prior to the pretrial conference. The joint pretrial statement shall conform with the requirements of E.D. Cal. L.R. 16-281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issues. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise *issues* that will be litigated at trial. *The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.*[3] The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

Pursuant to E.D. Cal. L.R. 281(b)(10) and (11), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall <u>not</u> be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order. Plaintiff's

---

[3] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

5

1 exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The
2 pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial
3 not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied.
4 On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be
5 viewed as an abuse of the court's processes.

6 Counsel are reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the
7 pretrial conference to aid the court in (a) formulation and simplification of issues and the
8 elimination of meritless claims or defenses; (b) settling of facts which should be properly
9 admitted; and (c) avoidance of unnecessary proof and cumulative evidence. The parties must
10 prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with
11 these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF
12 SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of
13 claims or defenses, or such other sanctions as the court deems appropriate.

14 TRIAL SETTING

15 Trial is set to begin on February 23, 2010, at 10:00 a.m. in Courtroom No. 25 of the
16 undersigned. Defendants have made a jury demand, and the parties expect the trial to take
17 approximately three days.

18 SETTLEMENT CONFERENCE

19 A Settlement Conference will be set at the time of the Pretrial Conference. The parties
20 have agreed to have the undersigned act as settlement judge.

21 IT IS SO ORDERED.

22 Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE SCHEDULING
23 ORDER AS FOLLOWS:

24 1. The parties may conduct discovery until June 28, 2009. Motions
25 to compel discovery are to be noticed to be heard by May 27,
26 2009, as more specifically described in this order.

1  2. The parties shall disclose experts, as described herein, by January 28,
2     2009.  Rebuttal experts, if any, shall be disclosed by February 27, 2009.
3  3. All pretrial motions, except motions to compel discovery, shall be
4     completed as described herein on or before August 26, 2009.
5  4. The final pretrial conference (as described in E.D. Cal. L.R. 16-282) in
6     this case is set for November 25, 2009, at 10:00 a.m. in Courtroom No. 25
7     before the undersigned.  Pretrial statements shall be filed in accord with
8     E.D. Cal. L.R. 16-281 and 16-282.
9  6. This matter is set for trial on February 23, 2010, at 10:00 a.m. in
10    Courtroom No. 25, before the undersigned.

11 DATED: May 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7